

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 15  PM 5: 10

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK COUSIN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-3249** |
| **N. BURL CAIN, WARDEN, LSP** | **SECTION "K"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

entire record, I have determined that a federal evidentiary hearing is unnecessary.  See

28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. § 2254(e)(2)(B).



___ Fee
___ Process
X   Dktd
✓   CtRmDep
___ Doc. No

for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Derrick Cousin, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On October 8, 1997, Cousin was charged by bill of information in St. Tammany Parish with the unauthorized entry of an inhabited dwelling.[3]  Cousin was tried by a jury on June 1 and 2, 1998, and found guilty as charged.[4]  The State filed a multiple offender bill on June 4, 1998.  The state trial court sentenced Cousin as a multiple offender on September 9, 1998, to 10 years without benefit of probation or suspended sentence.[5]

On October 7, 1998, the State filed a motion to reconsider the sentence.[6]  The state trial court held hearings on October 30, 1998 and December 15, 1998 to provide a full hearing on the multiple bill in connection with its reconsideration of the sentence

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 10/8/97.

[4]St. Rec. Vol. 1 of 2, Trial Minutes (2 pages), 6/1/98; Trial Minutes (3 pages), 6/2/98; Trial Transcript, 6/1/98; Verdict of the Jury, 6/2/98.

[5]St. Rec. Vol. 1 of 2, Sentencing Minutes, 9/9/98; Amended Sentencing Minutes, 9/17/97; Sentencing Transcript, 7/18/97.

[6]St. Rec. Vol. 1 of 2, Motion to Reconsider Sentence, 10/7/98.

previously imposed.[7]  On December 15, 1998, the state trial court resentenced Cousin as a multiple offender to life imprisonment without benefit of parole, probation or suspension of sentence.[8]

The conviction became final five days later, on Sunday, December 20, 1998, or the next business day, Monday, December 21, 1998, when Cousin did not timely file a notice of appeal or file for reconsideration of his sentence.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[9]).

Almost 10 months later, on October 7, 1999, Cousin filed a motion for leave to file an out-of-time appeal, which the state trial court granted on October 13, 1999.[10]  On appeal, Cousin's counsel raised three assignments of error:[11] (1) The trial court erred in granting the State's motion to reconsider the sentence. (2) Counsel was ineffective for

---

[7]St. Rec. Vol. 1 of 2, Multiple Bill Hearing (2 pages), 10/30/98; Resentencing Minutes, 12/15/98.

[8]St. Rec. Vol. 1 of 2, Resentencing Minutes, 12/15/98.

[9]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after petitioner's sentencing, it is inapplicable to this case.

[10]St. Rec. Vol. 1 of 2, Motion for an Out of Time Appeal, 10/7/99; Trial Court Order, 10/13/99.

[11]St. Rec. Vol. 2 of 2, 1st Cir. Opinion, 00-KA-0221, 11/8/00.

stipulating to a new sentencing hearing. (3) The trial court failed to advise him of the delays for seeking post-conviction relief at the second sentencing.

The Louisiana First Circuit affirmed the conviction and sentence on November 8, 2000, finding the claims to be without merit.[12]

On January 4, 2001, Cousin filed an <u>untimely</u>[13] writ application in the Louisiana Supreme Court.[14]  He filed a second, untimely application on January 8, 2001.[15]  Both applications were denied on September 21, 2001, pursuant to La. Code Crim. P. art. 930.3 and <u>State ex rel. Melinie v. State</u>, 665 So.2d 1172 (La. 1996).[16]

<u>One</u> <u>year</u> <u>later</u>, on September 23, 2002, Cousin filed a uniform application for post-conviction relief in the state trial court, alleging that his conviction and sentence

_____

[12]<u>Id</u>. The court instructed the trial court to notify Cousin of the applicable post conviction delays.

[13]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), petitioner had 30 days from the issuance of the state appellate court's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do in either case.  His filings were also postmarked beyond the 30 day period.

[14]St. Rec. Vol. 2 of 2, La. S. Ct. Letter, 2001-KH-17, 1/4/01 (postmark on writ 12/15/00).

[15]St. Rec. Vol. 2 of 2, La. S. Ct. Letter, 2001-KH-57, 1/8/01 (postmark on writ 12/22/00).

[16]<u>State ex rel. Cousin v. State</u>, 797 So.2d 66 (La. 2001); <u>State ex rel. Cousin v. State</u>, 797 So.2d 67 (La. 2001); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2001-KH-0017, 9/21/01; La. S. Ct. Order, 2001-KH-0057, 9/21/01. In <u>Melinie</u>, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

were unconstitutional because the trial court accepted an incomplete verdict.[17]  The state

trial court denied the application as meritless on November 14, 2002.[18]

Another year passed before Cousin filed a second uniform application for post-

conviction relief in the state trial court on September 22, 2003.[19]  In this application, he

asserted three grounds for relief: (1) He was denied due process because the jury did not

specify the crime for which he was found guilty. (2) The jury was not polled, which left

the verdict ambiguous. (3) Counsel was ineffective for failure to object to the verdict and

for agreeing not to have the jury polled.  In an order filed October 20, 2003, the state trial

court denied the application for failure to state a claim under La. Code Crim. P. art.

930.3.

Cousin filed a notice in the state trial court of his intent to seek review of this

ruling.[20]  The state trial court gave him until December 20, 2003, to do so.[21]  Cousin

---

[17]St. Rec. Vol. 2 of 2, Uniform Application for Post Conviction Relief, 9/23/02.

[18]St. Rec. Vol. 2 of 2, Order Dismissing Petition for Post-Conviction Relief, 11/15/02.

[19]St. Rec. Vol. 2 of 2, Uniform Application for Post Conviction Relief, 9/22/03.

[20]St. Rec. Vol. 2 of 2, Notice of Intent, 11/7/03.

[21]St. Rec. Vol. 2 of 2, Trial Court Order, 11/20/03.

thereafter filed a timely writ application in the Louisiana First Circuit on November 19, 2003.[22] The circuit court denied the writ application on January 14, 2004.[23]

Cousin filed for review in the Louisiana Supreme Court on February 13, 2004. On January 14, 2005, the application was denied for seeking untimely post-conviction relief under La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[24] The court also denied Cousin's subsequent request for reconsideration on March 24, 2005.[25]

II.    FEDERAL HABEAS PETITION

On August 10, 2005, Cousin filed a petition for federal habeas corpus relief seeking relief on the following grounds:[26] (1) He was denied due process because the jury did not specify the crime for which he was found guilty. (2) The jury was not polled, which left the verdict ambiguous. (3) Counsel was ineffective for failure to object to the

---

[22]The filing date was obtained from the clerk of the Louisiana First Circuit.

[23]St. Rec. Vol. 2 of 2, 1st Cir. Order, 2003-KW-2550, 1/14/04.

[24]State ex rel. Cousin v. State, 889 So.2d 262 (La. 2005); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2004-KH-0421, 1/14/05.  At the time of Cousin's conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief in the state courts. In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[25]State ex rel. Cousin v. State, 896 So.2d 1021 (La. 2005); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2004-KH-0421, 3/24/05.

[26]Rec. Doc. No. 3, Memorandum in Support.

verdict and for agreeing not to have the jury polled. (4) The trial court erred in granting the State's motion to reconsider the sentence.

The State responded to Cousin's federal petition alleging that he has exhausted state court remedies, the petition is timely, and the claims are without merit.[27]  The state offered no analysis of its timeliness calculation and failed to address the state court's application of procedural bars affecting this court's review.

III.    STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[28] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Cousin's petition, which, for reasons discussed below, is deemed filed in this court on July 13, 2005.[29]

---

[27]Rec. Doc. No. 9.

[28]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

For the following reasons, I find that Cousin's petition is not timely filed under the AEDPA and must be dismissed with prejudice for that reason. In light of this recommendation, the court need not address either the procedural bar or the merits of the claims.

IV.   STATUTE OF LIMITATIONS

A.   NO WAIVER OF THE LIMITATIONS DEFENSE

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. Scott v. Johnson, 227 F.3d 260, 263 (5th

---

(5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Cousin's petition on August 10, 2005, when the filing fee was paid. Cousin, however, signed the petition on July 13, 2005, which is the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

Cir. 2000) (citing <u>Smith v. Johnson</u>, 216 F.3d 521 (5th Cir. 2000)), <u>cert. denied</u>, 2001

WL 167908 (Feb. 12, 2001); <u>Magouirk v. Phillips</u>, 144 F.3d 348 (5th Cir. 1998).

       In the instant case, the State merely mentioned timeliness in its response to the

petition, without any analysis, explanation or thought. The State made no express waiver

of the limitations defense.  <u>See</u> <u>Simpkins v. Washington Metropolitan Area Transit</u>

<u>Authority</u>, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not

constitute waiver of limitations defense).  Instead, the State's conclusion is based on

error and apparent misapplication of the laws defining finality of a conviction and the

timeliness calculation under the AEDPA. The State cannot have expressly or

intentionally waived its timeliness defense based on its counsel's erroneous application

of the law.  **Therefore, Cousin is hereby placed on notice that the limitations issue**

**is being considered by this court, <u>Fisher v. State</u>, 169 F.3d 295, 301 (5th Cir. 1999);**

**<u>Magouirk</u>, 144 F.3d at 358, and any objection by petitioner to the court's**

**assessment of this issue must be timely filed as required at the conclusion of this**

**report.**

B.      <u>THE PETITION IS NOT TIMELY FILED</u>

       Section 2244(d)(1) of the federal habeas statute requires that a petitioner bring his

Section 2254 claims, among other things not relevant here, within one year from the date

of finality of the judgment of conviction.[30]   Under the AEDPA, a state conviction

becomes final at the end of the period for the defendant to pursue the next available step

in the direct appellate review process.  Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.),

cert. denied, 541 U.S. 1032 (2004).

In this case, Cousin did not timely file a written notice of appeal or file for

reconsideration of his resentence.  As noted above, his conviction became final on

December 20, 1998, or the next business day, December 21, 1998. For ease of reference,

and affording Cousin every benefit, his conviction is deemed final on December 21,

1998 for purposes of this report and recommendation.

---

[30]Specifically, Section 2244(d) provides:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The limitation
period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of
>    direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by
>    State action in violation of the Constitution or laws of the United States
>    is removed, if the movant was prevented from filing by such State
>    action;
>    (C) the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly recognized
>    by the Supreme Court and made retroactively applicable to cases on
>    collateral review; or
>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence.
(2)  The time during which a properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this section.

Cousin was later granted an out-of-time appeal 10 months after his conviction would otherwise be considered final under the AEDPA.  The question before the court, therefore, is whether the out-of-time appeal had any impact on the finality of his conviction and the commencement of AEDPA's statute of limitations period.

In Salinas, the United States Fifth Circuit Court of Appeals addressed the question of whether an out-of-time petition for appellate review was still within "direct review" such that it restarts the finality of the state conviction at issue for AEDPA limitations purposes.  Id., at 429.   The Fifth Circuit squarely held that it does not.

In so finding, the Salinas court acknowledged that the granting of a petition for out-of-time appellate review by the Texas state courts restored the petitioner to the position he was in when he first possessed the right to direct review under state law.  Id. at 429;  Cockerham v. Cain, 283 F.3d 657 (5th Cir. 2002) (same, under Louisiana law).  The court determined, however, that the granting of out-of-time state appellate review did not affect finality under federal law.

The Fifth Circuit considered the fact that, under Texas law, in order to obtain out-of-time appellate review, a petitioner must make his request through the collateral review process.  The court concluded that this procedural necessity took the petitioner out of the "direct review" process and entitled him to nothing more than tolling of the federal limitations period.  Id. at 430.

11

Thus, for purposes of federal law, the Fifth Circuit held in Salinas that the granting of a request for out-of-time review "tolls AEDPA's statute of limitations . . . but it does not require a federal court to restart the running of AEDPA's limitations period altogether." Id. at 430 (footnote omitted) (emphasis added); see also, McGee v. Cain, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying Salinas rationale to Louisiana out-of-time writ application). The Fifth Circuit held that, for limitations purposes, Salinas's conviction was final when the direct review process ended and it remained final for AEDPA purposes. Id. The Salinas court further resolved that the fact that petitioner was eventually granted an out-of-time appeal due to ineffective assistance of counsel (i.e., counsel failed to lodge the appeal timely) did not restart the federal limitations period, nor did attorney error or neglect constitute a basis for equitable tolling. Salinas, 354 F.2d at 432 (quoting Cousin, 310 F.3d at 848).

Under Louisiana law, as in Texas, to obtain an out-of-time appeal, a petitioner must file an application for post-conviction relief. McGee, 104 Fed. Appx. at 991 (citing State v. Counterman, 475 So.2d at 339). Thus, the analysis of the United States Fifth Circuit Court of Appeals in Salinas applies to Louisiana convictions, leaving such convictions final for purposes of commencement of the AEDPA limitations period at the conclusion of the original period for seeking direct review. Id.

12

In the instant case, Cousin, like the petitioners in <u>Salinas</u> and <u>McGee</u>, was granted his out-of-time appeal through a collateral post-conviction request made to the state trial court.  The out-of-time appeal process would provide him only with <u>tolling</u> of the AEDPA's limitations period.  However, the out-of-time appeal did <u>not</u> restart or revive the finality of his conviction for purposes of calculating the commencement date for AEDPA's one-year limitations period.

Therefore, pursuant to the holding in <u>Salinas</u>, as applied to Louisiana cases in <u>McGee</u>, Cousin's conviction is deemed final on December 21, 1998, as set forth above. <u>See</u> <u>Cousin</u>, 310 F.3d at 845.

Thus, literal application of the statute would bar Cousin's Section 2254 petition as of December 21, 1999.  As discussed at footnote 29 above, under the federal mailbox rule, his federal petition is deemed filed on July 13, 2005, which is over five and one-half years after the deadline imposed by the AEDPA, and it must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  <u>Pace v. DiGuglielmo</u>, 125 S.Ct. 1807, 1814 (2005);

Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001);

Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis, 158 F.3d at 810.

Equitable tolling is warranted only in situations where the petitioner was actively misled

or is prevented in some extraordinary way from asserting his rights.  Pace, 125 S. Ct. at

1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

The fact that Cousin's counsel failed to lodge a timely appeal does not constitute

a basis for equitable tolling.  Salinas, 354 F.2d at 432 (quoting Cousin, 310 F.3d at 848).

In addition, as demonstrated by the numerous large gaps in time between his state post-

conviction filings, Cousin was not diligent in pursuing post-conviction relief at any level

and therefore would not be entitled to equitable tolling.

Cousin has not asserted any reason that might constitute rare or exceptional

circumstances why the one-year period should be considered equitably tolled, and my

review of the record reveals none that might fit the restrictive boundaries of "exceptional

circumstances" described in recent decisions.  See United States v. Wynn, 292 F.3d 226

(5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into

believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398,

402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of

excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling

not justified during petitioner's 17-day stay in psychiatric ward, during which he was

14

confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).[31]

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-

---

[31]Cousin's petition was filed in this court before the suspension of deadlines and time periods instituted by the court in the aftermath of Hurricane Katrina. Although the State's response was filed after the suspension period, application of the statute of limitations to Cousin's petition involves time periods well prior to the storm. Therefore, the disruptions caused by the hurricane are irrelevant to the AEDPA timeliness calculation in this case.

conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2)

purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Thus, the one-year AEDPA statute of limitations period began to run in Cousin's case on December 22, 1998, the day after his conviction is deemed final. The federal limitations period ran for 290 days until October 7, 1999, when Cousin filed a request for an out-of-time appeal, which was granted and tolled the running of the AEDPA period. His conviction was affirmed on November 8, 2000, and the appeal remained

pending for an additional 30 days, until December 8, 2000, when Cousin failed to file for timely review in the Louisiana Supreme Court.[32]

Thus, the AEDPA limitations period began to run again on December 9, 2000, and did so for the remaining 75 days until February 21, 2000, when it expired.

Even if tolling for the period of delay between Cousin's sentencing and the lodging of his out-of-time appeal were permitted (contrary to the holdings in Salinas and McGee), Cousin's federal petition is no less untimely. As noted above, the appellate court affirmed his conviction on November 8, 2000, and the ruling remained pending until December 8, 2000, when he did not timely seek further review in the Louisiana Supreme Court. Under this alternative calculation, the AEDPA filing period would begin to run the next day, December 9, 2000, and would run uninterrupted for 365 days until it would expire on December 9, 2001.[33] Cousin had no properly filed state post-conviction or other collateral review proceedings pending during that period.

Cousin's filings in the Louisiana Supreme Court made during that period, on December 15 and 22, 2000, were not timely filed or postmarked under La. S. Ct. Rule X§5 and therefore provide no tolling benefit as to the AEDPA limitations period. The United States Fifth Circuit Court of Appeals has held that a writ application to the

---

[32]La. S. Ct. Rule X§5 (a writ application to the Louisiana Supreme Court must be filed within 30 days of the appellate court's ruling without exception); La. Code Crim. P. art. 922 (same); Williams v. Cain, 217 F.3d 303, 309-11 (5th Cir. 2000).

[33]Or, December 10, 2001, the next business day thereafter.

Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is <u>not</u> properly filed because it is untimely, and post-conviction review is <u>not</u> pending for purposes of AEDPA's statute of limitations and tolling doctrines.  <u>Williams v. Cain</u>, 217 F.3d 303, 309-11 (5th Cir. 2000); <u>see</u> <u>Pace</u>, 125 S.Ct. at 1812.

Cousin's dilatory approach to his pursuit of post-conviction remedies has been so egregious that even if tolling for the pendency of the pleadings improperly filed in the Louisiana Supreme Court were permitted, Cousin's federal habeas petition would still be untimely. Both of his untimely Louisiana Supreme Court writ applications were denied on September 21, 2001.  Thus, under the first calculation above, the limitations period would begin to run the next day and would do so for the remaining 75 days until it expired on December 5, 2001.  Alternatively, affording Cousin tolling for the delay between sentencing and his out-of-time appeal <u>and</u> for his untimely Louisiana Supreme Court filings, the AEDPA period would begin to run on September 22, 2001, and would run for 365 days until it would expire on September 22, 2002.[34]  <u>See</u> <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely).

---

[34]Furthermore, because Cousin's out-of-time appeal was not part of the "direct review process" according to <u>Salinas</u>, he is not entitled to tolling for any additional period he would have had to seek review in the United States Supreme Court. <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1099 (2000).

Cousin had no other state filings until September 23, 2002, when he filed for post-conviction relief in the state trial court. Another 10 months passed after resolution of that application before he again filed for post-conviction relief in the state trial court on September 22, 2003. Cousin is <u>not</u> entitled to tolling or rejuvenation of his federal habeas corpus remedy based upon subsequent post-conviction filings made <u>after</u> expiration of the AEDPA statute of limitations. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Under any conceivable calculation, Cousin's federal habeas corpus petition was not timely filed under the AEDPA. His federal petition is deemed filed on July 13, 2005, which was almost five and one-half years after expiration of the one-year statute of limitations period allowed under the AEDPA. Cousin's petition is grossly untimely, and must be dismissed under 28 U.S.C. § 2244(d)(1)(A).

## <u>RECOMMENDATION</u>

**IT IS THEREFORE RECOMMENDED** that the petition of Derrick Cousin for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).


New Orleans, Louisiana, this _____*14th*_____ day of December, 2005.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

21